## WRIGHT *vs.* McKEAN and others.

In a foreclosure suit, when an answer has been filed by a junior encumbrancer, which neither denies the amount claimed nor the order of priority, an order of reference cannot be made, unless by consent, without setting the cause down for hearing.

*C. S. Green,* for complainant.

*Beasley,* contra.

THE CHANCELLOR.   On a bill to foreclose, an answer was filed by a junior encumbrancer or a party claiming some equity subsequent to that of the complainant.   The order of priority is not disputed, nor does the amount claimed as due appear to be denied.   A decree *pro confesso* was taken against the other defendants, and an order of reference made to a master, without setting down the cause for hearing and without the consent of the defendant who filed an answer.   A motion is now made to substitute a new master for the one named in the original order.   It is objected that the original order was irregular, and that consequently no substitution should be made.

The only point upon which an opinion is asked is, whether upon a foreclosure bill, when an answer is filed by a junior encumbrancer, which neither denies the amount claimed to be due nor disputes the order of priority, an order of reference may be made without setting the cause down for hearing and without consent. The statute requires that when an answer is filed the complainant shall either file *exceptions* or a *replication*, or set down the cause for hearing upon bill and answer. *Nix. Dig.* 91, § 28.

When no answer is filed, and a decree *pro confesso* is taken against the defendant or against all the defendants, and the whole amount intended to be secured by the mortgage is due, no order of reference is necessary unless specially ordered, nor is it necessary to set the cause down for final hearing. *Rule* 14, § 3.

*Rule* 14, § 4 and § 5, both relate to setting down the cause for hearing upon the coming in of the master's report after the order of reference has been made. Neither of them relates to the making of the order of reference nor in any wise affects the question now under consideration.

*Rule* 8, § 3, regulating the proceedings in case of an infant defendant, where no answer, plea, or demurrer is filed on his behalf, authorizes a reference to a master only where a decree *pro confesso* has been taken against all the other defendants, or upon filing the consent in writing of such defendants to the reference.

There is nothing in the rules which does or can at all interfere with the plain requirements of the statute. Where an answer is filed by any defendant there can be no reference to a master without setting down the cause for hearing, or without the consent of the defendant by whom the answer is filed.

It is asked why set the cause down when the amount claimed as due upon the complainant's mortgage is not denied and there is no dispute as to the order of priority. The answer is twofold.

1. Because the statute requires it.

2. Because although there may be no dispute as between the defendant who answers and the complainant, and no question as to priority, there may be important questions involved touching the rights of codefendants, which the court, in its discretion, may and often ought to dispose of before the order of reference is made.

The motion to substitute a master must be denied; the order of reference heretofore made must be set aside, and the cause set down for hearing, as required by the statute.